```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOURDES COLLADO,

                Plaintiff,

-v-

MICHAEL J. ASTRUE, Commissioner of Social Security,[1]

                Defendant.

No. 05-CV-3337 (KMK) (LMS)

ORDER ADOPTING REPORT
AND RECOMMENDATION

KENNETH M. KARAS, District Judge:

    Plaintiff Lourdes Collado ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1381, *et seq.*, seeking judicial review of the decision of the Commissioner of Social Security ("Commissioner") to deny her disability insurance benefits. Plaintiff has filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), requesting that this Court reverse the Commissioner's final decision and remand to the Commissioner for a new administrative hearing. The Commissioner has cross-moved for judgment on the pleadings, requesting that the Commissioner's decision be affirmed and that Plaintiff's Complaint be dismissed. Judge Colleen McMahon, who was originally assigned to this case, referred the case to Magistrate Judge Lisa Margaret Smith.[2] Magistrate Judge Smith filed a Report and Recommendation ("R&R") on May 27, 2009. Magistrate Judge Smith recommends that this Court grant Plaintiff's motion to remand to the Commissioner for further development of the administrative record, deny the Commissioner's cross-motion for judgment

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d)(1), Michael J. Astrue is substituted for his predecessor, Jo Anne B. Barnhart, as Commissioner of Social Security.

[2] The case was reassigned to the undersigned on August 6, 2007.

on the pleadings, and close the case. (R&R 29.)

A district court reviewing a report and recommendation addressing a dispositive motion "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also Donahue v. Global Home Loans & Fin., Inc.*, No. 05-CV-8362, 2007 WL 831816, at *1 (S.D.N.Y. Mar. 15, 2007). Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), parties may submit objections to the magistrate judge's report and recommendation. The objections must be "specific" and "written," Fed. R. Civ. P. 72(b)(2), and must be made "[w]ithin 10 days after being served with a copy of the recommended disposition." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

Where a party submits timely objections to a report and recommendation, the district court reviews *de novo* the parts of the report and recommendation to which the party objected. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Donahue*, 2007 WL 831816, at *1. The district court "may adopt those portions of the . . . report [and recommendation] to which no 'specific written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Eisenberg v. New Engl. Motor Freight, Inc.*, 564 F. Supp. 2d 224, 226 (S.D.N.Y. 2008) (quoting Fed. R. Civ. P. 72(b)(2)).

Here, neither party has filed objections to Magistrate Judge Smith's R&R. Thus, the Court has reviewed the R&R for clear error. Finding none, the Court adopts the R&R in its entirety.

In her R&R, Magistrate Judge Smith recommends that this Court grant Plaintiff's motion for judgment on the pleadings on the basis that the Administrative Law Judge ("ALJ") committed legal error by failing to obtain all of the information pertinent to the Plaintiff's mental

limitations.[3] (R&R 5 n.3.) The Court agrees with Magistrate Judge Smith that the case should be remanded to the Commissioner for further development of the administrative record concerning Plaintiff's mental health impairments for the disability period beginning July 10, 1996, which is twelve months prior to when Plaintiff filed her initial application for supplemental security income (R&R 5 n.4). *See* 42 U.S.C. § 423(d)(5)(B); 20 C.F.R. § 416.912(d)(2) ("By complete medical history, we mean the records of your medical source(s) covering at least the 12 months preceding the month in which you file your application."); *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1999) ("[T]he ALJ was required to develop [Plaintiff's] complete medical history for at least a twelve-month period if there was reason to believe that the information was necessary to reach a decision.").

The Court further finds no clear error with Magistrate Judge Smith's conclusion that at the hearing, the ALJ should have ensured that Plaintiff was aware of her right to counsel. *See Holliday v. Astrue*, No. 08-CV-3337, 2009 WL 1292707, at *10 (E.D.N.Y. May 5, 2009) ("Moreover, at the hearing itself, 'the ALJ must ensure that the [plaintiff] is aware of her right to counsel.'" (quoting *Lamay v. Astrue*, 562 F.3d 503, 509 (2d Cir. 2009) (alteration in original)). Although Plaintiff received written notification of her right to representation earlier in the first administrative hearing, the ALJ's limited colloquy with Plaintiff did not ensure that Plaintiff was sufficiently informed at the hearing of her right to counsel and, therefore, knowingly waived her right to representation. While this failure does not in and of itself warrant remand, the Court finds that it complicated the development of the administrative record.

The Court also agrees with Magistrate Judge Smith that the ALJ had a duty to develop the

---

[3] The Court adopts the thorough recitation of the factual and procedural background set forth by Magistrate Judge Smith (R&R 2-12) and assumes the Parties' familiarity therein.

3

record concerning Plaintiff's mental disabilities and duly consider this information in the course of rendering his decision. This is particularly true given that plaintiff was not represented by counsel. *See Lamay*, 562 F.3d at 509. While the administrative record contains numerous records and documents from Plaintiff's treating physicians, regarding Plaintiff's mental impairments, it appears the ALJ relied exclusively on the conclusions of a consultative physician in a residual functional capacity assessment ("RFC") covering the period prior to Plaintiff's admission to a mental health facility in October 1999.[4] (Admin. Record 23-24; R&R 10.) Yet, there was other information in the record, such as Plaintiff's treating mental health providers' records, that required consideration by the ALJ. In fact the record contains no indication that the ALJ found this information to be unhelpful or, if so, the reasons for such a conclusion. *See Snell v. Apfel*, 177 F.3d 128, 133-34 (2d Cir. 1999) (noting that the Commissioner has an obligation to explain why a treating physician's opinions are not being credited); *Braithwaite v. Barnhart*, No. 04-CV-2850, 2007 WL 5322447, at *9 (S.D.N.Y. Dec. 20, 2007) ("'[B]efore the ALJ can reject an opinion of a pro se claimant's treating physician . . . basic principles of fairness require that he inform the claimant of his proposed action . . . .'" (quoting *Henkerson v. Harris*, 636 F.2d 893, 896 (2d Cir. 1980))). The ALJ also ignored other information about Plaintiff's mental health history, including the numerous instances of Plaintiff being diagnosed with psychotic features, all of which post-date October 1999. The ALJ also failed to develop the record by not obtaining an RFC that post-dated Plaintiff's October 1999 hospitalization or otherwise supplementing the record concerning Plaintiff's mental health impairment. *See Cabrera v. Astrue*, No. 06-CV-9918, 2007 WL 2706276, at *9 n.9 (S.D.N.Y. Sept. 18, 2007) ("The ALJ's failure to develop the

---

[4] The ALJ relied on this limited information in both of his administrative decisions.

4

record regarding [Plaintiff's] psychiatric symptoms is significant because the existence of a non-exertional impairment such as a mental illness may preclude reliance upon the grids and require the introduction of expert testimony."); *Johnson v. Barnhart,* No. 02-CV-1704, 2004 WL 725309, at *3-4 (E.D.N.Y. Mar. 8, 2004) (remanding where ALJ failed to further develop the administrative record by obtaining information from plaintiff's treating psychiatrist or psychologist concerning plaintiff's mental limitations).

Finally, although the Court does not perceive any bad faith in the actions of the ALJ in the prior administrative proceedings related to Plaintiff's application, the Court does not find clear error in Magistrate Judge Smith's conclusion that "a fresh look by another ALJ would be beneficial." *Vicari v. Astrue,* No. 05-CV-4967, 2009 WL 331242, at *6 (E.D.N.Y. Feb. 10, 2009) (quoting *Ortiz v. Chater,* No. 95-CV-3126, 1997 WL 50217, at *3 n.1 (E.D.N.Y. Jan. 30, 1997)) (finding that a departure from the general rule that the decision to reassign a case to a new ALJ should be left to the discretion of the Commissioner was warranted following a lengthy passage of time in the proceedings); *cf. Kolodnay v. Schweiker,* 680 F.2d 878 (2d Cir. 1982) (departing from general rule where the original ALJ had failed to consider the entire medical record in rendering his decision). Among other things, the Court does not disagree with Magistrate Judge Smith that based on the ALJ's credibility assessments, the fact that this case is being remanded for a third hearing, and the length of delay since the ALJ's second decision, another ALJ should be assigned to this case upon remand.

Accordingly, it is hereby

ORDERED that the Report and Recommendation filed May 27, 2009 is ADOPTED in its entirety. It is further

ORDERED that the part of Plaintiff's motion seeking remand is GRANTED and the case

5

is REMANDED to the Commissioner for proceedings not inconsistent with this Order and the R&R, pursuant to the fourth sentence of 42 U.S.C. § 405(g). It is further

ORDERED that the Commissioner's motion for judgment on the pleadings is DENIED. It is further

ORDERED that the Clerk of the Court is respectfully directed to enter a judgment in favor of Plaintiff, remand the case to the Commissioner for proceedings consistent with this Order, terminate the pending motions (Dkt. Nos. 10 and 14), and close this case.

SO ORDERED.

Dated:     August 27, 2009
            White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

Service List (For Mail by Clerk's Office):

Charles E. Binder, Esq.
Binder & Binder, P.C.
215 Park Ave. South, 6th Floor
New York, NY 10003
*Counsel for Plaintiff*

Susan D. Baird, Esq.
U.S. Attorney's Office, SDNY
One St. Andrew's Plaza
New York, NY 10007
*Counsel for the Commissioner*

Copy To:

Honorable Lisa Margaret Smith
United States Magistrate Judge